IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BARBARA ABRA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:12-cv-1632-BN |
| | § | |
| CAROLYN W. COLVIN, | § | |
| Acting Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Barbara Abra seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons stated herein, the hearing decision is affirmed.

### Background

Plaintiff alleges that she is disabled due to a variety of ailments, including migraine headaches, hypertension, coronary artery disease, a seizure disorder, chronic obstructive pulmonary disease, a cerebrovascular accident, and hand tremors. After her applications for disability and supplemental security income ("SSI") benefits were denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). That hearing was held on November 17, 2010. At the time of the hearing, Plaintiff was 56 years old. She is a high school graduate and has six months of clerical schooling at community college. Plaintiff has past work

experience as a clerical worker, a customer service representative, and a cashier. Plaintiff has not engaged in substantial gainful activity since January 31, 2008.

The ALJ found that Plaintiff was not disabled and therefore not entitled to disability or SSI benefits. Although the medical evidence established that Plaintiff suffered from migraine headaches, hypertension, coronary artery disease, a seizure disorder, and chronic obstructive pulmonary disease, the ALJ concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. The ALJ further determined that Plaintiff had the residual functional capacity ("RFC") to perform her past relevant work as an office clerk and customer service clerk.

Plaintiff appealed the ALJ's decision to the Appeals Council. The Council denied Plaintiff's request for review.

Plaintiff then filed this action in federal district court. Plaintiff challenges the hearing decision on three grounds: (1) the ALJ failed to consider all of Plaintiff's severe impairments; (2) the ALJ's finding that Plaintiff could perform her past relevant work was erroneous; and (3) the ALJ's residual functional capacity analysis was erroneous.

The Court determines that the hearing decision is affirmed in all respects.

## Legal Standards

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence and whether the proper legal standards were used to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is "more than a mere

scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Commissioner, rather than the courts, must resolve conflicts in the evidence, including weighing conflicting testimony and determining witnesses' credibility, and the Court does not try the issues *de novo. See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). This Court may not reweigh the evidence or substitute its judgment for the Commissioner's but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

A disabled worker is entitled to monthly social security benefits if certain conditions are met. 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *See id.* § 423(d)(1)(A); *see also Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). The Commissioner has promulgated a five-step sequential evaluation process that must be followed in making a disability determination:

1.   The hearing officer must ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2.   The hearing officer must determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities. This determination must be made solely on the basis of the medical evidence.

3.   The hearing officer must decide if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations. The hearing officer must make this determination using only medical evidence.

4.   If the claimant has a "severe impairment" covered by the regulations, the hearing officer must determine whether the claimant can perform his or her past work despite any limitations.

5.   If the claimant does not have the residual functional capacity to perform past work, the hearing officer must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

See 20 C.F.R. § 404.1520(b)-(f); *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007) ("In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity."). The claimant bears the initial burden of establishing a disability through the first four steps of the analysis; on the fifth, the burden shifts to the Commissioner to show that there is other substantial work in the national economy that the claimant can perform. *See Audler*, 501 F.3d at 448. A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *See Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the Court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The Court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *See Martinez*, 64 F.3d at 174.

The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *See id.* However, the Court does not hold the ALJ to procedural perfection and will reverse the ALJ's decision as not supported by substantial evidence where the claimant shows where the ALJ failed to fulfill the duty to adequately develop the record only if that failure prejudiced Plaintiff, *see Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012) – that is, only if Plaintiff's substantial rights have been affected, *see Audler*, 501 F.3d at 448. "Prejudice can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision." *Ripley*, 67 F.3d at 557 n.22. Put another way, Plaintiff "must show that he could and would have adduced evidence that might have altered the result." *Brock v. Chater*, 84 F.3d 726, 728-29 (5th Cir. 1996).

## Analysis

I.   <u>The ALJ Did Not Fail To Consider All Of The Plaintiff's Impairments</u>

Plaintiff first contends that the ALJ failed to consider all of Plaintiff's severe impairments. Specifically, Plaintiff argues that the ALJ's failure to find that her cerebrovascular accident (stroke) and hand tremors were severe impairments was an error of law and not based upon the record as a whole. *See* Dkt. No. 16 at 9. Relying on *Stone v. Heckler*, 752 F.2d 1099 (5th Cir. 1985), Plaintiff asserts that, because the ALJ did not make findings as to whether Plaintiff's cerebrovascular accident and hand tremors were severe, "it must be assumed the impairments were by inference considered non-severe." Dkt. No. 16 at 11.

In *Stone*, the United States Court of Appeals for the Fifth Circuit, concerned that the Commissioner had been applying an incorrect standard to the severity requirement when determining impairments, held that

> we will in the future assume that the ALJ and Appeals Council have applied an incorrect standard to the severity requirement unless the correct standard is set forth by reference to this opinion or another of the same effect, or by an express statement that the construction we give to 20 C.F.R. § 1520(c) (1984) is used. Unless the correct standard is used, the claim must be remanded to the Secretary for reconsideration.

752 F.2d at 1106. The *Stone* standard provides that "[a]n impairment can be considered as not severe only if it is a slight abnormality [having] such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." *Id.* at 1101. In the instant case, the ALJ cited to the *Stone* decision, stating that, "[f]or an impairment to be

considered not 'severe,' it must be a slight abnormality having such minimal effect on the individual that it would not be expected to interfere with her ability to perform basic work activities." Dkt. No. 11 at 18. Plaintiff does not take issue with the ALJ's statement of the severity standard, and, in any case, the ALJ's recitation of the *Stone* standard is accurate. *See Stone*, 752 F.2d at 1101. The ALJ determined that Plaintiff has severe impairments, including migraine headaches, hypertension, coronary artery disease, a seizure disorder, and chronic obstructive pulmonary disease. *See* Dkt. No. 11 at 17. The ALJ also determined that Plaintiff "has a history of depression and anxiety, but these impairments are not 'severe.'" *Id.* at 18. The ALJ did not discuss Plaintiff's cerebrovascular accident and hand tremors at this step of his analysis.

Plaintiff contends that, because the ALJ did not consider whether Plaintiff's cerebrovascular accident and hand tremors were severe impairments at step two of the sequential analysis, "the remainder of the ALJ's findings of fact were also tainted from the error." Dkt. No. 16 at 10. But this is not the law. Remand is not warranted when, even where the ALJ did not explicitly determine the severity of certain impairments, the ALJ proceeded to later steps of the analysis. *See Herrera v. Astrue*, 406 F. App'x 899, 903 (5th Cir. 2010) (declining to remand where "case did not turn on a finding that [plaintiff's] impairments were not severe at step two"); *Adams v. Bowen*, 833 F.2d 509, 512 (5th Cir. 1987) (ALJ's failure to make a severity finding at step two not a basis for remand where ALJ proceeded to later steps of the analysis); *see also Mays v. Bowen*, 837 F.2d 1362, 1365 (5th Cir. 1988) (per curiam) ("[I]f the ALJ proceeds past the

impairment step in the sequential evaluation process the court must infer that a severe impairment was found.").

In this case, the ALJ discussed Plaintiff's hand tremors at length during step four of his analysis. *See* Dkt. No. 11 at 20-22. First, the ALJ incorporated Plaintiff's testimony regarding her hand tremors. *See id.* at 20. Then, the ALJ determined:

> Mrs. Abra's testimony regarding the severity of her pain and limitations was somewhat inconsistent with the evidence. ... Her physical examination indicated she had a tremor of her hands with exertion; but her fine finger movements were normal, and she had normal ability to handle small objects and fasten buttons. The evidence does not indicate Ms. Abra has exhibited the limitations of her hands as she testified.

*Id.* at 21 (internal citations omitted). The ALJ determined that "[s]he has not exhibited any limitations to the use of her hands." *Id.* at 22.

Similarly, the ALJ discussed Plaintiff's stroke, noting the medical evidence on record, *see id.* at 20, and concluding that Plaintiff "has not exhibited any neurological deficits, despite having a history of a mild stroke," *id.* at 22.

In her opening brief, Plaintiff relies on her own testimony at the hearing as well as the same evidence that the ALJ cited with regard to her hand tremor. *Compare* Dkt. No. 16 at 11-13, *with* Dkt. No. 11 at 23-25. But the ALJ determined that Plaintiff's testimony concerning her hand tremors was not fully credible. *See* Dkt. No. 11 at 21. The ALJ also determined that the evidence in the record did not support any limitations regarding Plaintiff's use of her hands. *See id.* at 22. These determinations are supported by substantial evidence. *See, e.g., id.* at 301, 303, 307.

With regard to her cerebrovascular accident, Plaintiff cites to evidence supporting a diagnosis of microvascular disease; however, Plaintiff fails to explain, let alone cite any evidence demonstrating, how any such diagnosis affected Plaintiff's ability to function. *See* Dkt. No. 16 at 13.

Therefore, the record reflects that the ALJ properly considered Plaintiff's cerebrovascular accident and hand tremors in his RFC analysis. As such, the ALJ's failure to expressly deem Plaintiff's cerebrovascular accident and hand tremors as "severe impairments" does not require remand. *See Herrera*, 406 F. App'x at 903; *Adams*, 833 F.2d at 512.

In any event, even if the ALJ's failure to expressly determine whether or not Plaintiff's cerebrovascular accident and hand tremors were severe could be considered error, the Fifth Circuit has recently made clear that harmless error analysis applies to "any error by the ALJ in not following the procedures set out in *Stone*" and that remand is not warranted where "substantial evidence supports the finding of the non-severity." *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012); *see also Domingue v. Barnhart*, 388 F.3d 462, 463 (5th Cir. 2004) (remand not required where ALJ's decision supported by substantial evidence); *Shave v. Apfel*, 238 F.3d 592, 596 (5th Cir. 2001) (no evidence that an alleged impairment precluded employment). As such, even if the ALJ's failure to make a finding as to the severity of Plaintiff's cerebrovascular accident and hand tremors was erroneous, the error is harmless. "[P]rocedural perfection is not required unless it affects the substantial rights of a party." *Taylor*, 706 F.3d at 603. Had the ALJ expressly found that Plaintiff's cerebrovascular accident and

hand tremors were not severe, on the record in this case, substantial evidence would support that finding of non-severity under the *Stone* standard. *See Taylor*, 706 F.3d at 603.

Accordingly, Plaintiff cannot show prejudice, and remand is not warranted.

II.   <u>Finding That Plaintiff Could Perform Her Past Relevant Work Was Not Error</u>

The ALJ determined that Plaintiff retained the RFC to perform her past relevant work as an office clerk and as a customer service clerk. *See* Dkt. No. 11 at 27. Plaintiff challenges the ALJ's decision concerning each.

First, Plaintiff disputes that she has past relevant work as a customer service clerk. *See* Dkt. No. 16 at 14. For work to qualify as past relevant work, the work must have constituted substantial gainful activity. The primary focus in determining whether work constitutes "substantial gainful activity" is the amount of earnings derived from the activity. *See* 20 C.F.R. § 404.1574(a)(1). If the claimant is paid a certain threshold amount of monthly earnings, as calculated by a formula set by the Commissioner, the job is presumed to constitute "substantial gainful activity." *See id.* § 404.1574(b)(2). If monthly earnings fall below the threshold amount, it is presumed that the job does not constitute "substantial gainful activity." *See id.* § 404.1574(b)(3)(I). In 2007 and 2008, the threshold monthly earnings requirements for "substantial gainful activity" were $900 and $940, respectively. *See* Social Security Online, Substantial Gainful Activity at http://www.ssa.gov/OACT/COLA/sga.html (last visited Mar. 6, 2012). Plaintiff worked as a customer service clerk from October 22, 2007 to January 31, 2008. Because plaintiff earned a total of $2,464 in 2007

(approximately $985.60/month assuming Plaintiff worked for 2½ months) and $999 in 2008 ($999/month), Plaintiff's work as a customer service clerk constituted substantial gainful activity.

Therefore, the ALJ's finding that Plaintiff had past relevant work as a customer service clerk was not erroneous. As such, it is not necessary for the undersigned to determine whether the ALJ's finding that Plaintiff retained the RFC to perform her past relevant work as an office clerk was erroneous. A determination that a plaintiff can perform <u>some</u> of her past relevant work at step four is sufficient. *See Alexander v. Astrue*, 412 F. App'x 719, 721 (5th Cir. 2011) (a finding at step four that plaintiff's impairments did not prevent her from performing some of her past relevant work ought to have resulted in the conclusion that plaintiff was not disabled). However, for the sake of completeness, the undersigned will address Plaintiff's second issue with respect to the ALJ's step four determination.

Plaintiff asserts that the vocational expert ("VE") confused Plaintiff's past relevant work as an office clerk with the code in the *Dictionary of Occupational Titles* ("DOT") for the job of receptionist. *See* Dkt. No. 16 at 15. Plaintiff is correct that the VE supplied the DOT code for receptionist (237-367-038) as opposed to the DOT code for office clerk (209-562-010). But, as an initial matter, it is not clear that the VE misidentified Plaintiff's past relevant work. The determination of whether a claimant can perform past relevant work "may rest on descriptions of past work as actually performed or as generally performed in the national economy." *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990); *Ward v. Barnhart*, 192 F. App'x 305, 309 (5th Cir.

2006). Plaintiff's description of her work as an office clerk matches the duties for receptionist described in the DOT. *Compare* Dkt. No. 18 at 8 (quoting the DOT), *with* Dkt. No. 11-1 at 185. Moreover, the DOT entry for receptionist supplies the alternative job titles of information clerk and administrative clerk. *See* Dkt. No. 18 at 8 (quoting the DOT). Plaintiff describes her past relevant work as "clerical." Dkt. No. 11 at 47.

Plaintiff, in her brief, does not dispute that she performed the work of a receptionist; she merely asserts that, because the VE provided the DOT code for "receptionist," rather than "office clerk," the ALJ's decision should be reversed. But this is not the law.

Rather, when the VE's testimony conflicts with the DOT, a plaintiff is not entitled to relief unless she can establish that she has been prejudiced by the alleged error. *See DeLeon v. Barnhart*, 174 F. App'x 201, 203 (5th Cir. 2006) (citing *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988)). Here, Plaintiff has not established prejudice in this case for a number of reasons. First, substantial evidence supports the ALJ's decision that Plaintiff can perform her past relevant work as a customer service clerk. Second, although the title may differ, Plaintiff's stated work activities correspond to the DOT listing for "receptionist." Finally, the ALJ determined that Plaintiff retains the RFC to perform the full range of light work, with certain seizure precautions. *See* Dkt. No. 11 at 19. The ALJ's RFC finding would permit Plaintiff to perform the work of an office clerk, as described by the DOT. *See* the DOT, code 209.562-010, *available at* http://www.occupationalinfo.org/20/209562010.html (last accessed September 11, 2013).

As such, Plaintiff cannot show prejudice, and remand is not warranted.

III.    <u>The ALJ's RFC Analysis Was Not Erroneous</u>

Plaintiff asserts that the ALJ's RFC analysis was in error because the ALJ failed to include any limitations stemming from Plaintiff's migraine headaches. Plaintiff also argues that the ALJ's decision does not comply with Social Security Ruling ("SSR") 96-8p because the ALJ does not provide a "function-by-function" analysis of which of Plaintiff's severe impairments caused or did not cause the Plaintiff's exertional and non-exertional limitations.

In assessing the claimant's RFC, the ALJ should consider all medical evidence as well as other evidence provided by the claimant. *See* 20 C.F.R. § 404.1545(a) (3). The RFC assessment is a function-by-function assessment, with both exertional and non-exertional factors to be considered. *See* SSR 96-8p, 1996 WL 374184, at *3-*5. In making an RFC assessment, the ALJ must consider all symptoms, including pain, and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence and must consider limitations and restrictions imposed by all of an individual's impairments, even impairments that are not severe. *See* 20 C.F.R. §§ 404.1529, 416.929; SSR 96-7p, 1996 WL 374186, at *1 (S.S.A. Jul. 2, 1996); SSR 96-8p, 1996 WL 374184, at *5. The ALJ is permitted to draw reasonable inferences from the evidence in making her decision, but the Social Security Rulings also caution that presumptions, speculation, and supposition do not constitute evidence. *See, e.g.*, SSR 86-8, 1986 WL 68636, at *8 (S.S.A. 1986), *superseded in part by* SSR 91-7c, 1991 WL 231791, at *1 (S.S.A. Aug. 1, 1991) (only to the extent that the

SSR discusses the former procedures used to determine disability in children). The ALJ is not required to incorporate limitations in the RFC that the ALJ did not find to be supported in the record. *See Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988).

The ALJ determined that Plaintiff retained the RFC to "[l]ift and carry 20 pounds occasionally and 10 pounds frequently; sit, stand, and walk (individually or in combination) throughout an 8-hour workday; and otherwise perform the full range of light work, except: she must follow appropriate seizure precautions." Dkt. No. 11 at 19. The ALJ's decision provides:

> I recognized Ms. Abra may experience some degree of pain or discomfort at times of overexertion. However, even a moderate level of pain is not, standing alone, incompatible with the performance of certain levels of sustained work activity. In this case, neither the objective medical evidence or any reasonable inference therefrom, nor any other evidence, establishes that Ms. Abra's ability to function has been so severely impaired as to preclude the performances of the full range of light work with the above-stated limitations regarding seizure precautions. Her physical examinations consistently indicate her gait and station have been normal, and she has ambulated independently without an assistive device. Her strength has been normal, and she has not exhibited any neurological deficits, despite having a history of mild stroke. She has not had any limitations concerning her muscles or joints. Her range of motion has been normal. She also has not exhibited any limitations to the use of her hands. This residual functional capacity takes into account the combination of all Ms. Abra's impairments, including her headaches and high blood pressure.

*Id.* at 22.

Plaintiff is mistaken in arguing that the ALJ failed to engage in the function-by-function analysis required by SSR 96-8p. To dispute the ALJ's RFC determination, Plaintiff cites to her testimony regarding symptoms and pain related to her headaches, *see* Dkt. No. 16 at 18; however, the ALJ specifically found Plaintiff to be "minimally

credible" with regard to the extent of her pain and functional limitations, *see* Dkt. No. 11 at 20. The ALJ also found that Plaintiff has a "significant history of noncompliance with medication," including her headache medication, which the ALJ cited as a factor in assessing Plaintiff's credibility. *Id.* at 20-21.

Plaintiff does not contest the substance of these determinations by the ALJ but merely reiterates her hearing testimony. Without more, Plaintiff does not cast doubt on the ALJ's RFC's analysis, which is supported by substantial evidence and is in compliance with SSR 96-8p. *See* SSR 96-8p, 1996 WL 374184, at *5-*7.

## Conclusion

The hearing decision is affirmed in all respects. Plaintiff's Motion for Summary Judgment [Dkt. No. 16] is DENIED, and Defendant's Motion for Summary Judgment [Dkt. No. 18] is GRANTED.

DATED: September 16, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE